FILED

2026 Jul-23  PM 04:06
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

**KENNETH KAYLON SHELNUTT,**

    **Plaintiff,**

**v.**

**JOSH MCLAUGHLIN,** *et al.***,**

    **Defendants.**

**Case No. 5:24-cv-221-HDM-HNJ**

### ORDER

On April 18, 2025, Plaintiff Kenneth Shelnutt filed a final amended *pro se* complaint pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights while housed at the Limestone County Jail. (Doc. 13). Consistent with the usual practices of this court, the complaint was referred for a preliminary report and recommendation. *See* 28 U.S.C. § 636(b)(1); *McCarthy v. Bronson*, 500 U.S. 136 (1991); N.D. Ala. Local Rule 72.1.

On June 9, 2025, the court dismissed all Shelnutt's claims except those seeking monetary damages against Defendants Josh McLaughlin, Tammy Waddell, Matt Hayes, and Corporal Shelly Posey in their individual capacities. (Doc. 30). On September 8, 2025, Josh McLaughlin, Tammy Waddell, Matt Hayes, and Corporal Shelly Posey filed a special report with supporting evidence.  (Doc. 41). The next day, the court construed the defendants' special report as a motion for summary

judgment and notified Shelnutt he had twenty-one days to respond by filing affidavits or other evidence.  (Doc. 43 at 1). The court also advised Shelnutt of the consequences of any default or failure to comply with Rule 56.  (Doc. 43 at 1-2); *see Griffith v. Wainwright*, 772 F.2d 822, 825 (11th Cir. 1985). The court received Shelnutt's response on September 22, 2025. (Doc. 44). This case proceeded before the magistrate judge on Josh McLaughlin, Tammy Waddell, Matt Hayes, and Corporal Shelly Posey's motion for summary judgment. (Doc. 41).

On July 2, 2026, the magistrate judge issued a report recommending that the court dismiss with prejudice Shelnutt's remaining claims because he failed to exhaust his administrative remedies. (Doc. 52 at 27). Specifically, for all remaining claims, Shelnutt failed to exhaust the administrative remedies pertaining to inmates at the Limestone County Jail, which requires submission of: (1) a general inquiry to the Shift Supervisor or designee within 72 hours of occurrence; (2) a grievance to the Assistant Jail Administrator or designee within 24 hours of the supervisor's answer to the general inquiry; (3) an appeal to the Jail Administrator or designee within 24 hours of the Assistant Jail Administrator's response; and (4) a second and final appeal to the Chief Deputy or designee within 24 hours of the Jail Administrator's response. *Id.* at 30 (citing Doc. 41-2 at 20–21).

The court has reviewed the magistrate judge's report for clear error and finds none. After careful consideration of the record in this case, the court **ADOPTS** the

2

report and **ACCEPTS** the magistrate judge's recommendation. (Doc. 52). Consistent with that recommendation, the court **GRANTS** Defendants' motion, (doc. 41), and **DISMISSES** Shelnutt's claims **WITH PREJUDICE** for his failure to exhaust. The Clerk of Court is **DIRECTED** to close this case.

The Clerk of Court is further **DIRECTED** to update the plaintiff's address to the Kilby Correctional Facility and serve him a copy of this order at that address. (*See* Doc. 54 at 1).

**DONE** and **ORDERED** on July 23, 2026.

_____
**HAROLD D. MOOTY III**
UNITED STATES DISTRICT JUDGE